# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROOSEVELT COLLINS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-1415** |
| **DOUBLE J MARINE, LLC ET AL.** | **SECTION: "H"(5)** |

## ORDER

Before the Court is Defendants' Motion to Dismiss (Doc. 7). For the following reasons, the Motion is **GRANTED.**

## BACKGROUND

Plaintiff, Roosevelt Collins, filed this suit against Defendants asserting claims that stem from a collision that occurred on February 16, 2016. On this date, Defendants' vessel, the M/V MISS SYLVIA, collided with a ship named the M/V ATLANTIC GRACE. Plaintiff alleges that he was working onboard the M/V ATLANTIC GRACE and sustained injuries in the collision.

On July 21, 2016, Defendants filed a Complaint for Exoneration from or Limitation of Liability (the "Limitation Action").[1] The Limitation Action sought exoneration from liability related to the collision. Alternatively, Defendants sought to limit any liability they may incur to the value of the M/V MISS SYLVIA. In an order dated July 27, 2016, this Court instructed the Clerk of Court to issue a notice requiring all persons having a claim related to the

---

[1] Civil Action No. 2:16-cv-13095, Rec. Doc. 1.

subject matter of the Limitation Action to file a written claim with the Clerk of Court on or before September 23, 2016 or be defaulted. The order further required that the notice be published once a week for four successive weeks in a newspaper of general circulation published in Louisiana. Consistent with the order, Defendants thereafter published the notice in the Times-Picayune.

On May 23, 2017, Defendants moved for an order of default. Notably, Defendants waited several months after the September 23 deadline before doing so, allowing additional time for any late-filed claims. This Court then issued an order defaulting all persons claiming any injuries due to the collision who did not file timely claims.

On September 27, 2018, after more than two years of litigation, all claims asserted against Defendants were settled. On November 26, 2018, this Court issued a final order dismissing the Limitation Action. On February 14, 2019, Plaintiff filed the instant suit. In their Motion to Dismiss, Defendants seek dismissal of Plaintiff's complaint.

## LAW AND ANALYSIS

Supplemental Admiralty Rule F gives a district court discretion to allow a party to file a claim in a limitation proceeding after the claims bar date has passed. The Fifth Circuit has held that "so long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims . . . upon a showing of the reasons therefor."[2] Relief from a late claim is not, however, a matter of right, and "[i]t depends upon an equitable showing."[3]

---

[2] Texas Gulf Sulphur Co. v. Blue Stack Towing Co., 313 F.2d 359, 362 (5th Cir. 1963).
[3] *Id.* at 363.

Defendants argue that the Limitation Action is no longer pending and undetermined and that allowing Plaintiff to bring claims at this point will adversely affect Defendants in several ways. First, it would force Defendants to litigate issues that they had chosen to resolve through settlement. Second, it would expose Defendants to unforeseen liability that was not considered in reaching the settlement. Third, it would prevent Defendants from seeking contribution from third parties because of the terms of the settlement.

In response, Plaintiff argues that he has good cause for the delay because he was never notified of the pending limitation action. Plaintiff contends that he obtained counsel immediately after the collision, notified his employer, and filed a workers' compensation claim. Plaintiff further argues that the discovery obtained by Defendants in the Limitation Action should have placed them on notice that Plaintiff was a potential claimant.

Defendants cite to an Eastern District of Louisiana case, *In re Global Industries Offshore*, that is on point.[4] The plaintiff therein sought to bring a claim for injuries sustained in an accident after the limitation proceeding had been settled and closed.[5] He alleged that he should have been given actual notice of the limitation proceeding because his identity as a passenger on the vessel was readily ascertainable.[6] Judge Barbier held that the limitation petitioner had no notice that the plaintiff was injured in the collision and that it complied with Rule F(4) by giving actual notice to those who had asserted a claim and by publishing notice in the local newspaper.[7] Judge Barbier held that in "the absence of anything to suggest bad faith" on the part of the limitation petitioner, the request to file a late claim was denied.[8]

---

[4] 2000 WL 1610384 (E.D. La. Oct. 26, 2000).
[5] *Id.* at *1.
[6] *Id.* at *2.
[7] *Id.* at *3.
[8] *Id.*

Indeed, Rule F(4) requires only that notice shall be given "to all persons asserting claims with respect to which the complaint seeks limitation" and "published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims." Defendants here complied with this requirement. Nothing in the record suggests that they were aware of Plaintiff's injuries or claims. Nor is there anything in the record suggesting that Defendants acted with bad faith. Further, Defendants have shown that the action is no longer pending and undetermined and that they would suffer prejudice by allowing Plaintiff's claims.

## CONCLUSION

Accordingly, for the foregoing reasons, Defendants' Motion to Dismiss (Doc. 7) is **GRANTED**. Plaintiff's case is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, on this 15th day of July, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**